UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BONNIE BRADBERRY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. |
| | ) | |
| | ) | |
| GC SERVICES LIMITED PARTNERSHIP | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

BONNIE BRADBERRY ("Plaintiff"), through the undersigned counsel, ALEX SIMANOVSKY & ASSOCIATES, LLC, alleges the following against GC SERVICES LIMITED PARTNERSHIP, ("Defendant"):

### INTRODUCTION

1.      This is an action for actual and statutory damages brought by Plaintiff Bonnie Bradberry an individual consumer, against Defendant GC Services Limited Partnership, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2.      Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transact business here and the conduct complained of occurred here.

PARTIES

3. Plaintiff, Bonnie Bradberry is a natural person residing in Atlanta, Georgia.

4. Defendant, GC Services Limited Partnership is a limited partnership engaged in the business of collecting debt in this state with its principal place of business located at 6330 Gulfton, Houston, TX 77081. The principal purpose of Defendant is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

FACTUAL ALLEGATIONS

6. Upon information and belief, Defendant began placing collection calls to Plaintiff on December 10, 2010.

7. Plaintiff did not receive written notification from Defendant within five days of the initial communication that included the amount of the alleged debt that the Defendant was attempting to collect.

8. Defendant placed collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt owed under an account number.

9. During collection calls, Defendant has threatened to garnish Plaintiff's wages.

10. To date, Defendant has not taken definite action to garnish Plaintiff's wages.

11. During collection calls, Defendant has threatened to take away Plaintiff's teaching certificate away.

12. To date, Defendant has not taken definite action to take away Plaintiff's teaching certificate.

13.     Upon information and belief, Defendant called Plaintiff's neighbor on or around December 8, 2010, and informed her of its company name.

14.     Upon information and belief, Defendant stayed on the line while said neighbor walked over to Plaintiff's house with a portable phone, and told Plaintiff that Defendant was on the line for her.

15.     Upon information and belief, Plaintiff spoke to Defendant on the phone after said neighbor handed the portable phone to Plaintiff.

16.     During collection calls, Defendant has threatened to offset Plaintiff's income taxes.

17.     Upon information and belief, to date, Defendant has not taken definite action to offset Plaintiff's income taxes.

18.     As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in her feeling both stressed and ill.

## CLAIM FOR RELIEF

19.     Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

20.     Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

    (a)     Defendant violated *§1692e(4)* of the FDCPA by giving the representation or implication that nonpayment of any debt will result in the garnishment of the wages of Plaintiff, without intending to take said action;

    (b)     Defendant violated *§1692a(1)* of the FDCPA by threatening to provide written notification from Defendant within five days of the initial communication, with said notification including the amount of the alleged debt that the Defendant was attempting to collect;

(c)     Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take, such as action that would result in Plaintiff losing both her income taxes and her teaching certificate; and

(d)     Defendant violated *§1692c(b)* of the FDCPA by contacting a third party in connection with the collection of the alleged debt without the consent of Plaintiff, with said contact not being in a manner covered by *§1692b* of the FDCPA.

21.     As a result of the foregoing violations of the FDCPA, defendant is liable to the plaintiff Bonnie Bradberry for declaratory judgment that defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, plaintiff respectfully requests that judgment be entered against Defendant GC Services Limited Partnership, Inc., for the following:

A.     Declaratory judgment that Defendant's conduct violated the FDCPA.

B.     Actual damages;

C.     Statutory damages pursuant to 15 U.S.C. § 1692k;

D.     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E.     For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that plaintiff Bonnie Bradberry demands trial by jury in this action.

[ELECTRONIC SIGNATURE AFFIXED ON NEXT PAGE]

This 14th day of March, 2011.

Respectfully submitted,

ALEX SIMANOVSKY & ASSOCIATES LLC

_____ */s/ Alex Simanovsky*_____

Alex Simanovsky, Esq.
GA Bar No. 646874
Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road
Suite 300
Atlanta, GA 30345
(770) 414-1002
alex@fdcpalawyeronline.com

*Attorney for Plaintiff*